IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RAYFORD BONNER II, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | CIV-09-791-R |
| v. | ) | |
| | ) | |
| SHERIFF JOSEPH K. LESTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

REPORT  AND  RECOMMENDATION

In the Complaint filed July 27, 2009, in this 42 U.S.C. § 1983 action, four Plaintiffs

jointly sought damages from Defendants for alleged constitutional deprivations stemming

from the Plaintiffs' pretrial confinement in the Cleveland County Detention Center

("CCDC").  The action has been referred to the undersigned Magistrate Judge for initial

proceedings consistent with 28 U.S.C. §636(b)(1)(B).  The Court's $350.00 filing fee

required by 28 U.S.C. § 1914 has not been paid.  Previously, Plaintiff Jordanoff filed a

motion seeking his voluntary dismissal from the action.  Because his motion operated as a

dismissal of the lawsuit as to this Plaintiff without prejudice pursuant to Fed. R. Civ. P.

41(a)(1)(i), Plaintiff Jordanoff's Motions for Leave to Proceed In Forma Pauperis (Docs. #

2 and 13), Motion to Appoint Counsel (Doc. # 4), and Motion for Injunction (Doc. # 8), to

the extent these motions involved Plaintiff Jordanoff, were denied as moot. See Order, Sept.

24, 2009 (Doc. # 21).   In an Order entered October 2, 2009 (Doc. # 25), United States

District Judge Russell granted the Motion to Amend Complaint filed by Plaintiff Bonner

(Doc. # 17) and the Motion to Amend Complaint filed by Plaintiff Martinez (Doc. # 19) and

granted the remaining three Plaintiffs twenty days to jointly file an amended complaint.[1]

The time period granted Plaintiffs in the Order to jointly file an amended complaint

has now expired.  In the interim, the following pleadings have been filed by former Plaintiff

Jordanoff and Plaintiffs Bonner, Martinez, and McClendon:

(1) On October 7, 2009, former Plaintiff Jordanoff filed a "Petition" (Doc. # 26) in

which Jordanoff asserts that he does not want to be dismissed from this action and that

Plaintiff Martinez forged his signature on the motion previously filed seeking the voluntary

dismissal of Jordanoff.  Jordanoff also indicates in this pleading that he had been involved

in a "recent despute [sic]" with Plaintiff Martinez.

(2) On October 7, 2009, Plaintiff Bonner filed a "Petition" (Doc. # 27) in which

Bonner states that

> "[d]ue to a recent conflict between Plaintiffs Jordanoff and
> Martinez [sic] has cut off contact between Bonner and Martinez.
> Plaintiff Martinez is no longer speaking or helping Plaintiff's
> [sic] Bonner and Jordanoff.... Martinez wrote a false motion on
> behalf of Jordanoff to have his charges dropped [sic].  Martinez
> also forged Jordanoff's [sic] to that motion.  Martinez has been
> the brain to filing all motion's and writing all amended
> complaints also forging Plaintiff Jordanoff's signature.

(3) Plaintiff Martinez separately filed a "Motion to [sic] Leave to Amend the

Complaint" on October 8, 2009. (Doc. # 28).  In this pleading, Martinez states, *inter alia*,

---

[1] In this Order, the Report and Recommendation previously entered by the undersigned was
deemed moot, and the case was again referred to the undersigned for initial proceedings pursuant
to 28 U.S.C. § 636(b)(1)(B).

under penalty of perjury that former Plaintiff "Jordanoff got up set with me over a jail girl and assault [sic] then I assault him and now he threatens me and no one can move or touch Jordanoff because the Sheriff now [sic] my life is threaten [sic] by Jordanoff and I wrote lester [sic] to take action and stop his abusing power but no action."  In an attached letter dated October 5, 2009, and addressed to "district clerk," Martinez admits that he filed the motion seeking Jordanoff's voluntary dismissal from this action although he contends he did so at Jordanoff's urging.  Martinez also states that he "was asked by Plaintiff Jordanoff and McClendon and [B]onner to file all motions" in this action.  However, Martinez describes an argument and "fight" between himself and Jordanoff.  Martinez states that Jordanoff has "file[d] charges" against him and would "lie ... to get back at me."  (Doc. # 28, att.).

(4) Plaintiff McClendon separately filed a Motion to Amend the Complaint on October 14, 2008. (Doc. # 29).  Plaintiff McClendon states in the Motion that he has been released from CCDC and is awaiting a court date in his criminal case.  McClendon urges some of the same claims he set forth in the original Complaint, including allegations that he was "hand cuffed or chained to the floor" while he was detained for four months at CCDC. McClendon also adds new claims that a "false charge" had been filed against him by a deputy sheriff at CCDC. Plaintiff McClendon filed a second Motion for Leave to Proceed *In Forma Pauperis* indicating that he has no income or assets and that he resides in Shawnee, Oklahoma. (Doc. # 30).

An initial review of the Complaint has been conducted pursuant to 28 U.S.C. §§1915A(a) and 1915(e)(2)(B).  For the following reasons, it is recommended that the

Motion for Voluntary Dismissal purportedly filed by Plaintiff Jordanoff but actually filed by

Plaintiff Martinez (Doc. # 20) be STRICKEN from the record as a fraudulent pleading.  It

is further recommended that the "Petition" filed by Plaintiff Jordanoff (Doc. # 26), construed

as a motion seeking his reinstatement as a plaintiff in this action, be GRANTED.

It is further recommended that, should the forgoing recommendation be adopted,

Plaintiffs Bonner, McClendon, and Martinez be DISMISSED from this action pursuant to

Fed. R. Civ. P. 21 without prejudice to refiling their claims in a separate action.  It is further

recommended that the applications to proceed *in forma pauperis* filed by Plaintiffs Bonner

(Doc. # 15), McClendon (Doc. # 12, 30), and Martinez (Doc. # 14) be DISMISSED without

prejudice to their renewal in a separately-filed action by each of these Plaintiffs.

Permissive joinder of parties is governed by Rules 20 and 21 of the Federal Rules of

Civil Procedure.  Rule 20(a) provides, in pertinent part:

> Persons may join in one action as plaintiffs if:
> (A) they assert any right to relief jointly, severally, or in the
> alternative with respect to or arising out of the same transaction,
> occurrence, or series of transactions or occurrences; and
> (B) any question of law or fact common to all plaintiffs will
> arise in the action.

Fed. R. Civ. P. 20(a).  Where there is misjoinder of parties, Rule 21 allows the court, on its

own initiative at any stage of the litigation, to drop any party. Fed. R. Civ. P. 21 ("On motion

or on its own, the court may at any time, on just terms, add or drop a party.").

In this case, Plaintiffs have failed to satisfy both prongs of Rule 20(a)'s requirements

for permissive joinder.  A review of the pleadings filed by the Plaintiffs reflects that each of

the four Plaintiffs asserts a claim for relief for distinctly separate claims of constitutional deprivations caused by different Defendants, and the alleged injuries vary greatly depending on the differing factual circumstances alleged by each Plaintiff.  Moreover, the recent pleadings filed by the Plaintiffs indicate their inability, due to personal differences, to jointly proceed with this action.  "A coincidental similarity in the underlying facts will not permit [litigants] to proceed jointly" under Rule 20(a). Ross v. Meagan, 638 F.2d 646, 650 n. 5 (3rd Cir. 1981 )(*per curiam*).

Plaintiffs' claims also fail to satisfy the second prong of the requirements for permissive joinder.  Although Plaintiffs' claims allege constitutional deprivations, each Plaintiff has asserted claims involving different factual circumstances and potentially different legal issues, including exhaustion of administrative remedies, that militate against joinder. See 42 U.S.C. § 1997e(a)(no action may be brought by prisoner with respect to prison or jail conditions unless the prisoner has exhausted available administrative remedies).

Additionally, Plaintiffs have each submitted claims that require individualized screening pursuant to 28 U.S.C. § 1915.  Because 28 U.S.C. § 1915(g) imposes a "strike" upon the dismissal of a frivolous pleading, joinder in this instance might result in one or more of the Plaintiffs avoiding the risk of a "strike" under 28 U.S.C. § 1915(g) if even one Plaintiff states a claim.  This result is inconsistent with the goals of 28 U.S.C. § 1915 to curb frivolous complaints and appeals filed in federal courts. See George v. Smith, 507 F.3d 605,  607 (7th Cir. 2007)("Unrelated claims against different defendants belong in different suits, ... to ensure that prisoners pay the required filing fees - for the Prison Litigation Reform Act limits

to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Moreover, joinder would require all four Plaintiffs to sign every document that they jointly file. Fed. R. Civ. P. 11(a).  Joinder is not feasible here considering one of the Plaintiffs, Mr. McClendon, has been released from detention and the remaining Plaintiffs are detained.  See Doc. # 10 (notice of change of address).   See Pinson v. Whetsel, 2007 WL 428191 (W.D. Okla. Feb. 1, 2007)(unpublished op.)(noting difficulty of permitting joinder of multiple plaintiffs "in light of restrictions on interpersonal communications within a detention facility").  Also, even though Plaintiffs Bonner, McClendon, and Martinez were granted leave to jointly file an amended complaint, they did not do so within the time period granted for this action.  Instead, Plaintiffs McClendon and Martinez filed separate motions for leave to amend the Complaint in order to set forth their individual claims against the Defendants.  For these reasons, joinder is improper in this action, and Plaintiffs Bonner, McClendon, and Martinez should be DISMISSED from this action pursuant to Fed. R. Civ. P. 21 without prejudice to refiling their claims in a separate action.  It is further recommended that the applications to proceed *in forma pauperis* filed by Plaintiffs Bonner (Doc. # 15), McClendon (Doc. # 12, 30), and Martinez (Doc. # 14) be DENIED without prejudice to their renewal in a separately-filed 42 U.S.C. § 1983 action filed separately by

each of these Plaintiffs.[2]  Finally, it is recommended that the Motions for Leave to Amend

the Complaint filed by Plaintiff's Martinez (Doc. # 28) and McClendon (Doc. # 29) be

DENIED without prejudice.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that

(1)  the Motion for Voluntary Dismissal purportedly filed by Plaintiff Jordanoff but

actually filed by Plaintiff Martinez (Doc. # 20) be STRICKEN from the record as a

fraudulent pleading;

(2) the "Petition" filed by Plaintiff Jordanoff (Doc. # 26), construed as a motion

seeking his reinstatement as a plaintiff in this action, be GRANTED;

(3) Plaintiffs Bonner, McClendon, and Martinez be DISMISSED from the action

without prejudice to their filing a new cause of action;

(4) the applications to proceed *in forma pauperis* filed by Plaintiffs Bonner (Doc.

#15), McClendon (Docs. # 12, 30), and Martinez (Doc. # 14) be DENIED without prejudice

to their renewal in a new 42 U.S.C. § 1983 action filed separately by each of these Plaintiffs;

(5) the Motion for Order for Injunction jointly filed by Plaintiffs Martinez, Jordanoff,

and Bonner (Doc. # 5) be DENIED without prejudice to its renewal by Plaintiff Jordanoff,

---

[2]The application to proceed *in forma pauperis* filed by Plaintiff Jordanoff was previously denied as moot in light of his Motion for Voluntary Dismissal. However, should this recommendation be adopted, Plaintiff Jordanoff should be given the opportunity to file a new application for leave to proceed *in forma pauperis* that complies with 28 U.S.C. § 1915, including a new statement of institutional accounts certified by a jail official.

proceeding individually, in this action and to its renewal in another action filed separately by Plaintiffs Martinez and Bonner;

(6) the Motions for Leave to Amend the Complaint filed by Plaintiffs Martinez (Doc. # 28) and McClendon (Doc. # 29) be  DENIED without prejudice.

Should this Report and Recommendation be adopted, it is also recommended that Plaintiff Jordanoff be directed to file an amended complaint pursuant to 42 U.S.C. § 1983 asserting only claims specific to him and also directed to pay the full filing fee or file a new application to proceed *in forma pauperis*.  Plaintiffs are advised of their right to file an objection to this Report and Recommendation with the Clerk of this Court by __November 16th__, 2009, in accordance with 28 U.S.C. § 636 and LCvR 72.1.  The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this __26th__ day of __October__, 2009.


GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE